OCTOBER AND NOVEMBER TERM, 1881, No. 137.

## The Oakland Railway Company *versus* Thomas.

Where a writ of error is taken upon a judgment on a verdict, the paper-book of plaintiff in error should contain the whole of the evidence properly certified, and where it contains only disputed and uncertified extracts from the testimony, the judgment will be affirmed.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny County*.

Case in tort by Ella Thomas against the Oakland Railway Company, to recover damages for alleged negligence of the employés of the defendant, in allowing a truck-car to jump the track, and run into the end of the house of plaintiff.

The verdict in the Court below was in favor of the plaintiff, and on it judgment was entered.

The defendant took out a writ of error.

The paper-book of the plaintiff in error contained what were designated as "Extracts from the Testimony." There was no bill of exceptions, and these extracts were uncertified.

*J. W. Over* and *T. Mellon* for plaintiff in error.

*Charles F. McKenna* and *Thomas M. Marshall* for defendant in error.

The opinion of the Court was delivered, November 7th, 1881, by GORDON, J.

The third assignment of error is the only one that we can take notice of, the others not having been assigned according to the rules of this Court.

That assignment read as follows: "The Court erred in taking the facts and evidence involved in the defendant's sixth and seventh points from the jury, and instructing them ' that while the evidence of the defendant, if believed, would justify them in finding that the viewers, in awarding damages against the city for the grading of the street on this property, did assume that the injury to the house was caused wholly by the grading, and they awarded her what they believed to have been the full value of the house as it stood

[Appeal of John Robb *et al.*]

prior to the injury, and that she received the money on the award, yet the evidence fails to show that the plaintiff so made her claim, or understood the damages were so assessed and paid.'"

This excepts to the Court's instruction to the jury, as to the want of evidence on the part of the defendant to sustain a particular point of its defence to the claim of the plaintiff. The learned Judge says there was no evidence on this point, and the counsel for the defendant says there was such evidence. But in order to settle this controversy, we should have before us the evidence given in the Court below; the whole of it, and that properly certified. Instead of this, we have what the counsel for the defendant calls extracts from the testimony, and what the counsel for the plaintiff designates as no testimony at all. Under such a presentation of the case, we can do nothing; the matter resolves itself into a mere question of verity between the Court and the counsel, the Court having the advantage of a *prima facie* presumption in favor of its correctness, and the counsel unsupported by any legal evidence.

Under such circumstances nothing is left for us but to affirm the case.

Judgment affirmed.